## Penrose v. Damens et al.

*William Ginsburg*, for plaintiff.

*Benjamin H. Levintow*, for defendants.

LEVINTHAL, J., November 25, 1938. — Complainant's bill in equity alleges that he was a business broker and that he obtained a buyer for defendant Damens' business; that the sale was consummated, but that his agreed compensation of 10 percent of the selling price has not been paid. He further alleges that defendants Charles and Ella Manis failed to obtain from defendant Damens

a proper affidavit in accordance with the Bulk Sales Act of May 23, 1919, P. L. 262, and that they failed to notify complainant, a creditor of Damens, when the stock was taken over and the purchase price paid. I am prayed to set aside the sale and to declare Charles and Ella Manis receivers of the business acquired by them from Damens, and for other proper relief.

Defendant Damens in his answer avers that he made no agreement to pay complainant any compensation for his services and that, on the contrary, plaintiff acted in the transaction for the purchasers, Charles and Ella Manis. It is also stated in the answer that all the creditors of Damens were notified and that they have been paid.

The answer of the other defendants, Charles and Ella Manis, in part, states their lack of knowledge of the facts alleged in the bill; that they were not aware, and had no reason to be aware, that Damens was indebted to complainant. They say also that they compensated complainant in full compliance with an agreement made between him and them by delivering to him two checks, each in the amount of $25. It is pleaded also that complainant's agent took part in the settlement of the sale of the business; that he saw the affidavit taken by Damens to the effect that he had no creditors, and that the agent offered no objection thereto.

I must decide whether defendant Damens is indebted to the complainant and if he is, whether the relief under the Bulk Sales Act, supra, prayed for by complainant is proper.

### Discussion

I think the evidence presented at the hearing before me does not sustain complainant's contention that he was to receive as his compensation 10 percent of the sale price of Damens' business. What occurred, I think, was this: Complainant suggested that he obtain a customer for the business and in this Damens acquiesced. They did not, however, fix any compensation. Later when the agreement of sale had been entered into and complainant

sought his fee, Damens demurred because of the insufficiency of the price obtained from Manis. Damens wanted a net return to himself of $2,800 from the sale of the goodwill and fixtures, and as that was the total price received, he was loath to pay any commission. In fact, he wanted to withdraw from the agreement of sale itself. Manis, however, was extremely anxious to obtain the property, and apparently at his suggestion, the parties finally agreed that Damens would pay $100 to complainant and that Manis would pay $50. Manis complied with his part of the agreement, but Damens did not. Therefore Damens is indebted to complainant, but only in the amount of $100 and not in the amount of 10 percent of the sale price.

It may be that complainant was a creditor of Damens within the meaning of the Bulk Sales Act. See Cain v. Samuels, 70 Pitts. 152 (1921). However, even if he was, he is not entitled, for several reasons, to set aside the sale or to have Charles and Ella Manis declared receivers of the property.

First, there is provision in several sections of the Bulk Sales Act for the taking of an affidavit and for notice to creditors by the agent who sells the property. It is not entirely clear, therefore, that these duties did not rest upon plaintiff himself as well as upon defendants, and the failure by the latter to discharge them should not be permitted to accrue to the benefit of plaintiff.

Second, notice seems entirely superfluous when a man knows that of which he is to be notified. Complainant, by his agent, actually participated in the settlement, and he certainly knew, as well as either of the parties thereto, what was being done. Even if it be assumed that he was not aware of the existence of the claims of other creditors, he certainly knew of his own claim and the affidavit should have appeared obviously fraudulent to him. He certainly ought to be estopped now to contest the validity of a transaction in which he himself participated.

Third, although complainant did not deposit the checks which he received from Charles and Ella Manis, he accepted them and holds them. They were given pursuant to an agreement made between him and the Manises. He cannot now, after leading them to accept the property and to make payment therefor, and to believe that his rights had been extinguished, ask a court of equity to impress a trust upon that property for his benefit.

Complainant is thus not entitled to the equitable relief which he asks. However, in accordance with well-recognized principles of equity I shall settle the controversy by granting relief in the form of a money judgment. Defendant Damens will be ordered to pay to complainant the sum of $100 with interest.

### Conclusions of law

1. Defendants, Charles and Ella Manis, are not indebted to complainant in any amount whatsoever.

2. Defendant, Louis Damens, is indebted to complainant in the sum of $100 with interest from June 7, 1938.

3. Complainant has no right or interest in the property purchased by defendants Charles and Ella Manis from defendant Louis Damens, nor is he entitled to any relief under the Bulk Sales Act.

4. Louis Damens should be ordered to pay to complainant the sum of $100 with interest from June 7, 1938.

5. The costs of these proceedings should be paid by defendant Louis Damens.

### Decree nisi

And now, November 25, 1938, upon consideration of the foregoing, it is ordered, adjudged, and decreed as follows:

That Louis Damens pay to John F. Penrose the sum of $102.75, together with the costs of these proceedings.